T. F. Hagan et al., Appellees, v. John Rawle, Appellant.

Gen. No. 14,038.

MEASURE OF DAMAGES—*where vendor fails to deliver.* In ordinary cases where the seller fails to deliver goods sold, the measure of damages for the breach of contract, if the price has not been paid, is the difference between the contract price and the market price of the goods at the time and place of delivery; but when at the time the contract of sale is entered into a re-sale of the property was in contemplation by the parties, the proper measure of damages is the difference between the contract price in the original contract and the contract price on such re-sale.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed October 6, 1908.

POYNTON & POYNTON, for appellants.

JAMES J. KELLY, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action of assumpsit brought to recover damages for the breach by the defendant of a contract to sell and deliver to the plaintiffs 30 stone posts and 48 feet of stone coping within a specified time, the cause was submitted to the court, without a jury, and plaintiff had judgment for $414.30, to reverse which the defendant prosecutes this appeal. The contract of sale was made April 21, 1904, the stone to be delivered f. o. b. cars, Chicago, at the price of $1,095.70. The plaintiffs had, before the contract was made, contracted with one contractor to furnish and set twenty of said posts at the Wendell Phillips High School, Chicago, for $1,245, and with another contractor to furnish and set ten of said posts and the 48 feet of coping at the McKinley High School, Chicago, for $725. The defendant failed to furnish any posts or

coping to the plaintiffs. The plaintiffs failed to furnish any posts or coping to either of said contractors, and because of such failure each of said contractors cancelled his contract with the plaintiffs, one August 23, the other September 17, 1904. The trial court awarded to the plaintiffs as damages for the breach of said contract by the defendant, the difference between the original contract price and the amounts plaintiffs were to receive from said contractors under the contracts of re-sale. In arriving at the amounts plaintiffs were to receive under such contracts of re-sale, the court deducted from the contract price on such re-sales, the costs and expenses of hauling the stone from the railroad to said school buildings and of finishing and setting the same.

Three grounds of reversal are stated in the brief for appellant, viz.:

"I. There is no sufficient averment in the pleadings to support proof as to special damages.

II. In computing the damages the court did not follow the best and most certain rule.

III. The appellant had the right to insist upon the complete performance of the conditions of the contract on the part of appellees to be performed before delivering any part of the stone."

The fourth special count avers, that the defendant knew when the contract was made, that the stone contracted for was intended by the plaintiffs for re-sale and that plaintiffs had orders therefor; that by reason of defendant's default, plaintiffs were prevented from fulfilling contracts for the re-sale of said stone, and thereby lost profits and were compelled to pay damages to parties to whom they had re-sold the said stone, etc. We think these averments sufficient to make proof of special damages admissible.

The general rule is familiar, that in ordinary cases, where the seller fails to deliver goods sold, the measure of damages for the breach of contract, if the price has not been paid, is the difference between the con-

tract price and the market price of the goods at the time and place of delivery. But when at the time the contract of sale is entered into a re-sale of the property was in contemplation by the parties, the proper measure of damages is the difference between the contract price in the original contract and the contract price on such re-sale.

In I. C. R. R. Co. v. Cobb et al., 64 Ill. 128, it was said, p. 141: "The rule undoubtedly is, as between vendor and vendee, or shipper and carrier, that where the article is destined for a special purpose, that fact should be communicated to the vendor or carrier if it is to be made the foundation of special damages against them, and if it is of a character likely to affect the action of the vendor or carrier. Hadley v. Baxendale, 26 E. L. and Eq. 402; Griffin v. Colver, 16 N. Y. 490.

"The fact that this corn was intended for the government was undoubtedly known to the managing officers of the company, and we are not of opinion that this rule, as expounded in these cases, requires that the shipper should communicate to the carrier the terms of a contract of sale in order to recover the contract price as damages."

It was not necessary under the rule thus stated by the Supreme Court that the terms of the contracts by which plaintiffs had agreed to furnish said stone for use in the erection of said school buildings should be communicated to the defendant in order to recover as damages the difference between such original contract price and the prices on such re-sales. It was sufficient if the defendant knew when he entered into the contract with the plaintiffs that the stone was intended to be used in the erection of said school buildings.

One of the plaintiffs testified that he called on the defendant before the contract of sale was entered into between plaintiffs and defendant, showed defendant certain blue prints which he had received from the

contractor with whom he had contracted to furnish the posts and coping for the McKinley school, and asked defendant for a figure to furnish, f. o. b. Chicago, 30 posts and 48 feet of coping, as shown on that blue print; that he then told defendant that said stone was for two public high schools in Chicago; that after receiving defendant's proposition to furnish said stone for $1,095.70 he gave defendant said blue print, told him to go to work, and a few days afterwards gave him the detailed drawings. This testimony was in material particulars contradicted by the defendant in his testimony.

We cannot say that the trial judge erred in accepting as true the testimony of said plaintiff, and taking his testimony as true, we are of opinion that the trial judge did not err in holding that the proper measure of damages for a breach of the contract by the defendant was the difference between the original contract price and the price the plaintiffs would have received for said stone on such re-sale, in the condition and at the place it was to be delivered by the defendant to the plaintiffs. In arriving at such price the court properly deducted from the gross amounts of the contracts of re-sale, the costs and expenses of whatever was required to be done by the plaintiffs under their contracts of re-sale after the delivery of the stone by the defendant to the plaintiffs.

Nothing is better settled than that in order for the buyer to maintain such an action as this, he must have performed all conditions precedent to his right to a delivery of the property. Whether in this case the plaintiffs had performed all such conditions was a question on which the testimony was conflicting, and we cannot say that, on the evidence, the trial court erred in holding that plaintiffs had performed all such conditions.

The record is, in our opinion, free from reversible error, and the judgment will be affirmed.

*Affirmed.*